COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Eva  Casas v. Castano Enterprises, LLC d/b/a Cube Investments

Appellate case number:   01-20-00326-CV

Trial court case number:  2018-70094

Trial court:                    215th District Court of Harris County

On April 13, 2020, appellant Eva Casas ("Casas") filed a notice of appeal of the trial court's January 14, 2020 order granting summary judgment in favor of appellee Castano Enterprises, LLC d/b/a Cube Investments ("Cube Investments").

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE §§ 51.012, 51.014. "[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment issued without a conventional trial on the merits is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *Id.* at 205. From our review of the record, it appears that Casas has not appealed from a final judgment or otherwise appealable order.

The appellate record indicates that Cube Investments filed its original petition on October 1, 2018, asserting claims for breach of contract and fraudulent inducement against Casas. Casas filed her original answer on October 31, 2018 and asserted a counterclaim based on Cube Investment's alleged engagement in an illegal scheme to sell unregistered securities. The record does not include any amended petitions filed by Cube Investment or amended counterclaims filed by Casas, and thus indicates that Cube Investments' original petition and Casas's original answer containing her counterclaim are the live pleadings in this case.

On August 12, 2019, Cube Investment moved for summary judgment, requesting a declaration that Casas "breached the [parties'] contracts, and specific performance of the contracts for the remodeling of" the residential real property at issue. Neither Cube Investment's summary judgment motion, nor its later-filed supplement, addresses Cube Investment's own claim for fraudulent inducement or Casas's counterclaim alleging a violation of securities laws. The trial court's order granting summary judgment grants only the relief requested in the summary judgment motion and does not contain finality language or otherwise clearly indicate that the trial

court intended to completely dispose of the case, including the fraudulent inducement claim and securities law counterclaim that were not addressed in the summary judgment motion or supplement. It thus appears that this appeal is not from a final judgment that actually disposes of all claims and all parties or clearly and unequivocally states that it finally disposes of all claims and parties. *See id.* at 205.

Accordingly, the Court withdraws this case from submission and orders Casas to file a written response addressing the lack of a final judgment, with citation to law and the record, demonstrating that this Court has appellate jurisdiction over this appeal from the order granting summary judgment. Failure to respond will result in dismissal of the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). **Casas's response is due in this Court within 14 days of the date of this order**. The Court further requests Cube Investments to file a reply to Casas's written response regarding its jurisdiction over this appeal. **Cube Investment's reply, if any, is due within 14 days of the date Casas's response is filed**. The response and reply, if any, must be limited to the topic identified in this order and may not, without leave of court, be longer than 3,500 words if computer-generated and 10 pages if not.

To the extent any final judgment or other appealable order has been entered in the underlying case, the Court further orders Casas to supplement the clerk's record with any such final judgment. **Any supplemental clerk's record is due within 21 days of the date of this order**.

It is so ORDERED.


Judge's signature: /s/ Amparo Guerra
                    Acting individually


Date:  December 14, 2021